UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Baker, #146625, | ) C/A No.: 8:13-466-JFA-JDA |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Robert Stevenson, III, Warden BRCI; | ) |
| June Belue, Corrections Officer; | ) |
| Ann Hallman, Grievance Coordinator, | ) |
| Defendants. | ) |

Plaintiff, Henry Baker, is proceeding *pro se* and brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B) (2)(d), D.S.C., this Magistrate Judge is authorized to review all complaints in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court. Plaintiff is incarcerated in the Broad River Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

## Background

Plaintiff complains that his personal property, a typewriter, was confiscated in October 2010. Plaintiff alleges the Defendants took the typewriter because he let another inmate use it, however, Plaintiff denies that he loaned the typewriter to the inmate. According to the Complaint, Plaintiff filed his Step 1 grievance a week later, but did not receive a response for nine (9) months, at which time he contacted Mr. Cartledge, not a Defendant, who told Plaintiff that the secret service had his typewriter. Plaintiff filed a

request to staff on June 27, 2011, complaining that he had not received a response to his Step 1 grievance. Plaintiff claims he received a response to his grievance on July 22, 2011. In the response, Plaintiff was told he did not follow the instructions, so his grievance was not processed. Plaintiff claims they told him to resubmit his grievance, knowing "it would be out of date and time." *Complaint* at 4. Plaintiff alleges this is gross negligence, and claims he has been denied the opportunity to exhaust his administrative remedies. Plaintiff asks in his prayer for relief that his typewriter be returned to him. In the alternative, he asks that he be reimbursed for the purchase price, which was $177.44.

A review of the attachments to the Complaint shows that the Plaintiff filed an appeal with the South Carolina Administrative Law Court ("SCALC"), however, the appeal was dismissed because Plaintiff failed to serve the Department with the Notice of Appeal within 30 days. The attachments also reveal that Plaintiff was told to first file an informal resolution, and then re-file his grievance. It appears that Plaintiff did resubmit his grievance.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

Deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,* 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. *Johnson v. Crenshaw*, 2008 WL 154014 (D.S.C. 2008).

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act (SCTCA). S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision

while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.,* 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence,* 444 S.E.2d 534 (S.C.Ct.App.1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh,* 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson,* 673 F.Supp. 929, 930 (N.D.Ill.1987).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                        s/Jacquelyn D. Austin
                                                       United States Magistrate Judge

April 22, 2013
Greenville, South Carolina

***Plaintiff's attention is directed to the important NOTICE on the next page***.
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6