IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Baker,                                )<br>                                                    )<br>                          Plaintiff,      )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>Robert Stevenson, III, Warden BRCI;   )<br>June Belue, Corrections Officer; Ann Hallman, )<br>Grievance Coordinator,              )<br>                                                    )<br>                         Defendants.    )<br>_____) | C/A No.: 8:13-466-JFA-JDA<br><br><br><br>ORDER |

The *pro se* plaintiff, Henry Baker, brings this civil action *in forma pauperis* and pursuant to 42 U.S.C. § 1983. He is an inmate with the South Carolina Department of Corrections. In this action, the plaintiff complains that his typewriter was confiscated and he seeks its return or reimbursement for his costs of the typewriter.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and he has timely done so.

The Magistrate Judge opines, and this court agrees, that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986). The Magistrate Judge notes the directive of the Fourth Circuit Court of Appeals that a federal court should deny § 1983 relief if a state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation was caused by an employee of the state. *See Yates v. Jamison*, 782 F.2d 1182 (4th Cir. 1986). The Magistrate Judge also notes that under South Carolina law, the plaintiff's claims may be cognizable under the South Carolina Tort Claims Act and provides instruction on filing such a claim.

The court has conducted a *de novo* review of the plaintiff's objections to the Report. Therein, the plaintiff continues his assertions that the defendants' alleged misconduct was intentional and in violation of his constitutional rights. However, as the Magistrate Judge has clearly set out in her Report and Recommendation, § 1983 does not provide relief for deprivations of personal property. As such, the plaintiff's objections are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 11, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge